UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TIAH BRACKEN,

      Petitioner,

v.

N.C. ENGLISH,

      Respondent.

Civil No. 11-684 (JNE/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.      BACKGROUND**

In 2006, Petitioner was indicted in the United States District Court for the Middle District of North Carolina. She was charged with multiple federal criminal offenses stemming from a series of bank robberies. In August 2006, Petitioner entered into a plea agreement by which she pled guilty to five of the offenses for which she was indicted. The

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Government agreed to dismiss the remaining charges. Petitioner was sentenced to a total of ten years in federal prison, and she is presently serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

A final judgment was entered in Petitioner's North Carolina criminal case in March 2007, and she did not file a timely direct appeal thereafter. However, in June 2007, Petitioner filed a motion seeking a transcript from her trial court proceedings. During the course of the following twelve months, Petitioner filed several more motions in her criminal case, requesting more transcripts, leave to proceed in forma pauperis, ("IFP"), and an extension of the statute of limitations deadline for seeking relief under 28 U.S.C. § 2255. All of those motions were denied.

Finally, in August 2008, Petitioner filed a § 2255 motion challenging her conviction and sentence in her North Carolina criminal case. While that motion was pending, Petitioner belatedly filed a direct appeal challenging her conviction and sentence in her criminal case. A short time later, however, Petitioner filed a motion to voluntarily dismiss her appeal, and that motion was granted. Therefore, Petitioner's belated direct appeal was summarily dismissed without being reviewed on the merits.

After Petitioner's direct appeal was dismissed, her still-pending § 2255 motion was adjudicated in the trial court. The Government contended that Petitioner's § 2255 motion was time-barred, because it was not filed within the one-year statute of limitations imposed by § 2255(f). Petitioner contended that her attorney was responsible for the tardiness of her § 2255 motion, and that the motion should therefore be accepted as timely based on the doctrine of equitable tolling. The trial court rejected Petitioner's equitable tolling argument, concluding that "[i]t was Petitioner's own lack of diligence that caused her motion

to be untimely." Bracken v. United States, No. 1:06CR206-5 (M.D.N.C. 2009), 2009 WL 2448543 at * 4. Thus, Petitioner's § 2255 motion was summarily denied due to untimeliness. Id. Petitioner attempted to appeal that ruling, but the Fourth Circuit Court of Appeals declined to grant her a Certificate of Appealability. United States v. Bracken, 358 Fed.Appx. 457 (4th Cir. 2009), cert. denied, 130 S.Ct. 2425 (2010).

In the present action, Petitioner is attempting to challenge the sentence she received in her North Carolina criminal case. She contends that her sentence was wrongly enhanced for "using a minor" during the commission of her crimes.[2] Petitioner also claims that she was denied due process at her sentencing. However, the Court finds that Petitioner's current challenges to her North Carolina federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition, for the reasons discussed below.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his or her conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for

---

[2] Section 3B1.4 of the United States Sentencing Guidelines provides for a greater "offense level," (and hence a longer sentence), "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." Petitioner claims that she "is actually innocent of 'using' a minor to commit a criminal offense under statute [sic] 3B1.4." (Petitioner's Memorandum in Support of Petition, [Docket No. 1], p. 3.)

3

>relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his or her original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[her] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of her sentence in her North Carolina federal criminal case. She claims that the trial court deprived her of due process at sentencing, by erroneously finding that her offenses involved using a minor. Because Petitioner is directly challenging the validity of her sentence in her original trial court proceedings, her current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

4

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because she has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the Petitioner has not obtained a pre-approval order from the Fourth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

In addition, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it clearly appears that Petitioner deliberately elected to bring her current claims in a § 2241 habeas corpus petition, because she knows she is barred from seeking relief under § 2255. Petitioner apparently believes that she is exempt from § 2255's exclusive remedy rule under the savings clause, and that she can challenge her sentence in a § 2241 habeas proceeding, simply because she is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that she should therefore be allowed to bring her claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under

that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because she had a reasonable opportunity to raise her current claims for relief in a timely direct appeal, or in a timely § 2255 motion. She cannot now claim that § 2255 is "inadequate or ineffective" simply because she failed to present her current claims in a direct appeal or in a timely § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that she is "actually innocent" of the sentence she received. That argument, however, is foreclosed by Abdullah. There, the Court of Appeals made it clear that an actual innocence argument, by itself, does not automatically invoke the § 2255 savings clause. An actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never

had a prior opportunity to raise the argument. Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because... regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

Here, as in Abdullah, Petitioner had an opportunity to present her "actual innocence" arguments in a direct appeal, and in a timely § 2255 motion. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable here for any of Petitioner's claims, including her "actual innocence" claims. Petitioner has had an adequate procedural opportunity to raise her current claims for relief, including her actual innocence claims, and she is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of her conviction and sentence in her criminal case in the Middle District of North Carolina; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because

Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse her from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present her current claims, (including her actual innocence claims), she cannot bring them in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated: March 30, 2011

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

9

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 14, 2011.